UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Brian Keith Umphress, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:20-cv-00253-P |
| | § | |
| David C. Hall, et al., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER

Defendants David C. Hall, Ronald E. Bunch, David M. Patronella, Darrick L. McGill, Sujeeth B. Draksharam, Ruben G. Reyes, Valerie Ertz, Frederick C. Tate, Steve Fischer, Janis Holt, M. Patrick Maguire and David Schenck, each of whom has been sued solely in his or her official capacity as a member of the State Commission on Judicial Conduct, file this their answer to Plaintiff's First Amended Complaint and would respectfully show:

### Summary

Judge Umphress admits that his ultimate goal is to persuade the Supreme Court to reverse its opinions affording rights to the LGBTQ community (First Amended Complaint, ¶¶ 65-76); but he has not chosen to sue any counter-party who would have Article III standing to represent the view contrary to his. In his effort to

create an Article III case or controversy, Judge Umphress says that he learned about the judicial discipline of a Waco justice of the peace (Judge Hensley) for violation of Judicial Canon 4A(1).  Canon 4A(1) provides that "A judge shall conduct all of the judge's extra-judicial activities so that they do not cast reasonable doubt on the judge's capacity to act impartially as a judge."  Judge Umphress seeks this Court's pre-determination that *he* should not be disciplined under Canon 4A(1) for conduct which Judge Umphress believes to be similar.

Judge Umphress does not allege that any disciplinary action has been threatened or commenced against him.  None has.

Judge Umphress does not allege that Canon 4A(1) is unconstitutional on its face.  He cannot do so.  No one can reasonably allege that it is unconstitutional or otherwise improper for a State to require that a judge conduct extra-judicial activities so that those activities do not cast reasonable doubt on the judge's capacity to act impartially.  The public's confidence in a judge's capacity to act impartially is essential to the integrity of our judiciary.

Instead, Judge Umphress erroneously complains about Canon 4A(1) "as applied."  This is based on Judge Umphress' mistaken belief that the discipline of Judge Hensley equated these two acts:  that a refusal to perform same-sex weddings (while willing to perform opposite-sex weddings) is, without more, a violation of Canon 4A(1).  That is not what occurred in the discipline of Judge Hensley.  Judge

Hensley was disciplined based on an evidentiary record, including her own testimony. The State Commission on Judicial Conduct concluded, from the particular evidentiary record before it, that the totality of the circumstances – not a single act or a single choice – demonstrated that Judge Hensley's conduct had cast reasonable doubt on her capacity to act impartially as a judge. Texas statutes gave Judge Hensley the right to an efficient and prompt judicial review of that disciplinary decision by a special tribunal consisting of three State courts of appeal justices, if she believed that the totality of her conduct did *not* support a finding that she violated Canon 4A(1) or if she believed that the sanction against her violated her constitutional rights; but she chose not to appeal from that finding.

Today's parties can therefore only speculate as to whether the outcome would have been different for Judge Hensley if she had chosen to use the *de novo* judicial review that was available to her.

The Commission has never decided, nor yet been called upon to decide, whether a refusal to perform same-sex weddings (while agreeing to perform opposite-sex weddings) is, without more, a violation of Canon 4A(1). A state-court lawsuit (brought by Judge Umphress' attorney, but on behalf of a different judge – Judge Hensley) seeks an answer to that question. When that question is answered by a State court construing Canon 4A(1), perhaps the answer will be "yes"; perhaps the answer will be "no." But Federal abstention principles are clear: a Federal court

should not presume that a State court will make an unconstitutional construction of State law which is susceptible to constitutional application.

As pleaded below, Judge Umphress' lawsuit should be dismissed. This is so for many jurisdictional reasons.

First, although Judge Umphress complains that Canon 4A(1) is "unconstitutionally vague," the well-established **abstention** doctrine, based on respect for comity and respect for State court processes, prevents a Federal court from deciding the constitutionality of a State law (here, Canon 4A(1)), which is capable of a construction by a State court that avoids any constitutional issues.

Second, Judge Umphress has no **standing** for a lawsuit that alleges his First Amendment rights have been "chilled." This is because (i) Judge Umphress concedes that he continues his practice of performing opposite-sex weddings while declining to perform same-sex weddings, and thus no action by Defendants has "chilled" that practice; and (ii) he cannot lawfully be a candidate for re-election prior to September 14, 2021, so that it is premature to claim that his future campaign advocacy plans have been "chilled." Thus, Judge Umphress has not alleged, and cannot show, a specific present objective harm or threat of specific future harm, which would be necessary to establish standing. Also, for those same reasons and because Judge Umphress has never been threatened with any investigation or

disciplinary proceeding, no controversy is **ripe** for adjudication by an Article III court.

Third, no litigant is permitted in Federal court to ask the Court's advice as to whether a Supreme Court decision does, or does not, contain certain language; and yet that **advisory** opinion is what Judge Umphress seeks when he asks this Court to determine whether the opinion in *Obergefell* does, or does not, require him to perform same-sex marriages.  Judge Umphress also asks for an improper advisory opinion when he asks for a declaratory judgment that a change in Supreme Court membership should result in a determination that the opinion in *Obergefell* violates the Tenth Amendment.  Judge Umphress further asks for an improper advisory opinion when he asks this Court to determine if *this* conduct, or *that*, or potential unspecified future campaign language, would violate Canon 4A(1).

Fourth, the Defendants each enjoy **immunity** from a lawsuit such as this.

## First Defense

Judge Umphress' complaint fails to state a claim upon which relief can be granted.

## Second Defense

Federal abstention principles prevent a Federal court from deciding the constitutionality of a State law (here, Canon 4A(1)), which is capable of a construction by a State court that avoids any constitutional issues.

3632617.v1

## Third Defense

Judge Umphress lacks standing.

## Fourth Defense

No case or controversy is ripe for adjudication.

## Fifth Defense

Judge Umphress impermissibly asks the Court for advisory opinions.

## Sixth Defense

Defendants are immune from this action and from the relief sought by Judge Umphress.  This immunity includes immunity from any injunctive relief and immunity from any award of attorneys' fees.

## Seventh Defense

Venue is improper.  (Venue was challenged by a Rule 12(b)(3) motion, which the Court denied on August 14, 2020.)

## Eighth Defense

Defendants respond as follows to each allegation in Judge Umphress' First Amended Complaint:

1.      As to the first unnumbered paragraph on pages 1-2 of the First Amended Complaint, Defendants admit the first two sentences; deny the third sentence, because Judge Umphress has created an incorrect "premise" which the Commission has never stated or adopted, and because the decision concerning Judge

Hensley examined the totality of the circumstances rather than any single act or expression; and deny the fourth sentence.

2.      As to the first unnumbered paragraph on page 2 of the First Amended Complaint, Defendants admit the first sentence; and lack knowledge or information sufficient to form a belief about the truth of the second and third sentences, but have no reason to doubt their accuracy.

3.      As to the second unnumbered paragraph on page 2 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the first and second sentences, but have no reason to doubt their accuracy; and deny the allegation in the third sentence, that Judge Umphress' conduct is "like Judge Hensley['s]," because there are significant differences between the conduct of Judge Hensley shown in the evidentiary record of her disciplinary proceeding and the conduct of Judge Umphress described in his Complaint.

4.      As to the third unnumbered paragraph on page 2 (and continuing to page 3) of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence, but have no reason to doubt its accuracy; and state that the second and third sentences and portions of the final sentence are purely Judge Umphress' legal opinion and conclusion, which require no answer under the federal pleading rules; and lack

knowledge or information sufficient to form a belief about the truth of the allegation in the final sentence that Judge Umphress "acknowledges that he must subordinate state law to *Obergefell* when deciding cases or controversies," but have no reason to doubt their accuracy as to what he acknowledges and believes.

5.      As to the first unnumbered full paragraph on page 3 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, but have no reason to doubt their accuracy.

6.      As to the second unnumbered full paragraph on page 3 of the First Amended Complaint, Defendants deny the allegations.

7.      Responding to ¶ 1 of the First Amended Complaint, Defendants deny that this Court has jurisdiction, based on each ground set forth in their Second through Sixth Defenses.

8.      Responding to ¶ 2 of the First Amended Complaint, Defendants deny that venue is proper under 28 U.S.C. § 1391(b)(2), based on the grounds set forth in their motion to dismiss or transfer (which the Court denied on August 14, 2020) and in their Seventh Defense.

9.      Responding to ¶ 3 of the First Amended Complaint, Defendants deny that venue is proper under 28 U.S.C. § 1391(b)(1), based on the grounds set forth in their reply concerning their motion to dismiss or transfer and in their Seventh Defense.  (The Court denied the motion on August 14, 2020, based on the Court's

conclusion that venue is proper under 28 U.S.C. § 1391(b)(2); but the Court expressed its disagreement with Judge Umphress' argument that venue is proper under 28 U.S.C. § 1391(b)(1).)

10      Responding to ¶ 4 of the First Amended Complaint, Defendants deny that the federal Declaratory Judgment Act creates any substantive cause of action; admit that Judge Umphress purports to invoke § 1983 and *Ex parte* Young to supply him relief, but deny that any relief can be granted on Judge Umphress' allegations and deny that this Court has jurisdiction, based on each ground set forth in Defendants' motion to dismiss and Defendants' Second through Sixth Defenses.

11.     Defendants admit the allegations in ¶¶ 5-17 of the First Amended Complaint.

12.     Defendants admit the allegations in ¶¶ 18-19 of the First Amended Complaint.

13.     Defendants admit the allegations in ¶ 20 of the First Amended Complaint but deny any implication as to Judge Umphress' legal opinions and/or conclusions regarding such matters, which require no answer under the federal pleading rules.

14.     Responding to ¶ 21 of the First Amended Complaint, Defendants admit that the first sentence accurately quotes the cited law; lack knowledge or information sufficient to form a belief about the truth of the allegations in the second

sentence, but have no reason to doubt their accuracy; and admit that the third sentence accurately describes the scope of the words in the cited statute, but deny any implication as to Judge Umphress' legal opinions and/or conclusions regarding such matters, which require no answer under the federal pleading rules.

15.     Responding to ¶ 22 of the First Amended Complaint, Defendants admit the date of the Public Warning issued to Judge Hensley but deny the portions of the first sentence following the word "because," since the decision was based on the totality of the circumstances in the evidentiary record before the Commission; and admit the second sentence is a substantially accurate (but not verbatim) portion of that evidentiary record.

16.     Responding to ¶ 23 of the First Amended Complaint, Defendants deny any implication that the totality of the circumstances in the evidentiary record before it was limited to "Judge Hensley's recusal-and-referral system" and deny that those words appeared in the testimony or the decision; admit that the words of Canon 4A(1) are accurately stated; and admit that the words in the final sentence accurately state a portion of the Commission's Public Warning to Judge Hensley.

17.     Defendants deny the allegations in ¶ 24 of the First Amended Complaint, because Judge Umphress has created an incorrect "premise" which the Commission has never stated or adopted, and because the decision concerning Judge

Hensley examined the totality of the circumstances rather than any single act or expression.

18.     Defendants deny the allegations in ¶ 25 of the First Amended Complaint.

19.     Responding to ¶ 26 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence, but have no reason to doubt its accuracy; and are unable to evaluate whether Judge Umphress would be subject to judicial discipline without developing an evidentiary record that allows the Commission's consideration of the totality of the circumstances.

20.     Responding to ¶ 27 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the first sentence, but have no reason to doubt its accuracy; deny that the Commission has yet addressed any evidentiary record or issued any decision to the effect that "publicly belonging to and supporting [a] church" was a violation of Canon 4A(1), and deny that the Commission has issued any "interpretation of Canon 4A(1)" that so states.

21.     Responding to ¶ 28 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Judge Umphress' conduct and his personal reasons for his

conduct and his intent as to future conduct, but have no reason to doubt their accuracy; and deny any implication as to Judge Umphress' legal opinions and/or conclusions regarding such matters, which require no answer under the federal pleading rules.

22.     Responding to ¶ 29 of the First Amended Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Judge Umphress' intentions as to his future conduct, but have no reason to doubt their accuracy; and would aver that no application to appear on the ballot for the 2022 election is lawfully permitted prior to September 14, 2021, pursuant to Section 172.023 of the Texas Election Code.

23.     Defendants deny the allegations in ¶ 30 of the First Amended Complaint.  Judge Umphress would be at risk of violation of Canon 4A(1) if he were to conduct his extra-judicial activities so that those activities cast reasonable doubt on the judge's capacity to act impartially; and he would not be at risk of violation of Canon 4A(1) if he were to conduct his extra-judicial activities so that those activities did not cast reasonable doubt on the judge's capacity to act impartially.  Defendants deny that the Commission has yet addressed any evidentiary record or issued any decision to the effect that "refusal to officiate at same-sex marriage ceremonies," without more, or "joining and supporting a church that opposes same-sex marriage

and homosexual conduct," without more, was a violation of Canon 4A(1), and deny that the Commission has issued any "interpretation of Canon 4A(1)" that so states.

24.     Defendants deny the allegations in ¶¶ 31 and 32 of the First Amended Complaint.

25.     Responding to ¶ 33 of the First Amended Complaint, Defendants admit that the Commission has never yet been called upon to rule upon any evidentiary record, or to reach any legal conclusion, as to the legal proposition of whether "*Obergefell* or the Fourteenth Amendment required Judge Hensley to officiate at same-sex marriages once she decided to continue officiating at opposite-sex weddings."

26.     Responding to ¶ 34 of the First Amended Complaint, and for the reasons set forth in their motion to dismiss and in their Second through Sixth Defenses, Defendants deny that this Court has jurisdiction to advise Judge Umphress, via declaratory judgment or otherwise, what is or is not required by the law regarding his marriage practices.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 35 of the First Amended Complaint, but have no reason to doubt their accuracy as to what Judge Umphress "acknowledges" and "believes."

3632617.v1

28.      Paragraph 36 of the First Amended Complaint, in which Judge Umphress contends that he must be treated like clergy with respect to any requirements of same-sex weddings, consists solely of Judge Umphress' legal arguments and/or conclusions, for which no answer is required under the federal pleading rules.  But if the Court determines that it has jurisdiction to adjudicate Judge Umphress' claims, then Defendants ask the Court to determine whether – when Judge Umphress officiates at a wedding solely by virtue of his being a State judge – his conduct constitutes State action, which would be subject to the limitations of the Establishment Clause of the First Amendment of the United States Constitution, the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and of Article I, §§ 3, 3a and 19 of the Texas Constitution, Article I, § 6, of the Texas Constitution, and Section 106.001 of the Texas Civil Practice & Remedies Code (which prohibits discrimination by governmental actors because of a person's sex); and, if so, whether different constitutional principles may be applicable to Judge Umphress' conduct, as contrasted with legal principles affecting conduct of clergy.  Defendants also aver that the question asked by Judge Umphress – whether *Obergefell* requires a judge (or clergy) to conduct same-sex weddings – was not the basis for the Public Warning issued to Judge Hensley, whose conduct, according to the totality of the circumstances in the evidentiary record

before the Commission, violated Canon 4A(1) by casting reasonable doubt on her ability to act impartially.

29.     Defendants deny that the Court should issue the declaratory judgment requested in ¶ 37 of the First Amended Complaint.

30.     Paragraph 38 of the First Amended Complaint consists solely of Judge Umphress' characterization of a legal principle, for which no answer is required under the federal pleading rules.  Defendants would aver, however, that Judge Umphress' characterization of the *White* case appears improperly to ignore the Supreme Court's discussion of strict scrutiny and also appears to contradict the legal propositions that Judge Umphress "acknowledges" in ¶¶ 39-41.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in ¶¶ 39-41 of the First Amended Complaint as to what Judge Umphress "acknowledges" and as to his "view," but have no reason to doubt their accuracy as to what he acknowledges and believes.

32.     Paragraphs 42-43 of the First Amended Complaint consist solely of Judge Umphress' legal arguments, for which no answer is required under the federal pleading rules.

33.     Defendants deny that the Court should issue the declaratory or injunctive relief requested in ¶¶ 44-45 of the First Amended Complaint.

3632617.v1

34.      Paragraphs 46-53 of the First Amended Complaint are argument, to which no answer is required under the federal pleading rules.  Defendants deny the passing references to "as the Commission apparently believes" and "the Commission's current interpretation" and "the Commission's equating disapproval."

35.      Defendants deny that the Court should issue the declaratory or injunctive relief requested in ¶¶ 54-55 of the First Amended Complaint.

36.      Defendants deny the allegations in ¶ 56 of the First Amended Complaint.

37.      Paragraphs 57-60 of the First Amended Complaint consist of legal propositions and argument, to which no answer is required under the federal pleading rules.

38.      Responding to ¶ 61 of the First Amended Complaint, the State has a compelling interest in prohibiting conduct that casts reasonable doubt on a judge's capacity to act impartially.  The Commission has never expressed any view that unwilling judges or justices of the peace must officiate at same-sex marriage ceremonies.  Further, the second sentence of ¶ 61 consists of legal propositions and argument, to which no answer is required under the federal pleading rules.

39.      Paragraph 62 of the First Amended Complaint consists of argument, to which no answer is required under the federal pleading rules.  Defendants aver that any determination as to whether a particular judge's conduct

casts reasonable doubt on the judge's capacity to act impartially (including expressions of disapproval) is appropriately determined from the totality of circumstances.

40.     Defendants deny that the Court should issue the relief requested in ¶¶ 63-64 of the First Amended Complaint.

41.     Responding to ¶¶ 65-72 of the First Amended Complaint, Defendants deny the factual allegations (including "bullying" and "threatening behavior") and Defendants are not required under the federal pleading rules to respond to the legal argument therein.

42.     Defendants admit the allegations in ¶ 73 of the First Amended Complaint.

43.     Paragraph 74 of the First Amended Complaint consists of legal propositions and argument, to which no answer is required under the federal pleading rules.

44.     Responding to ¶ 75 of the First Amended Complaint, and for the reasons set forth in their motion to dismiss and in their Second through Sixth Defenses, Defendants deny that this Court has jurisdiction to ignore the Supreme Court's decision in *Obergefell*, to ignore the Fifth Circuit's decision in *De Leon v. Abbott*, or to advise Judge Umphress, via declaratory judgment or otherwise, what

is or is not required by the Tenth Amendment or the "Republican Form of Government Clause" of the U.S. Constitution.

45.    Paragraph 76 of the First Amended Complaint contains only legal propositions and arguments and Judge Umphress' expression of desire to preserve an issue for certiorari in the Supreme Court, to which no answer is required under the federal pleading rules.

## Prayer

Defendants respectfully pray that this action be dismissed, or alternatively that it be transferred to the Western District of Texas, or alternatively that Plaintiff take nothing by his claims, with costs awarded to Defendants.  Defendants further pray for all other relief, at law or in equity, to which they may be justly entitled.

3632617.v1

Respectfully submitted,

*/s/ John J. McKetta III*
John J. McKetta III
Texas Bar No. 13711500
Graves Dougherty Hearon & Moody, P.C.
401 Congress Ave., Suite 2700
Austin, TX  78701
(512) 480-5616 (telephone)
(512) 480-5816 (fax)
mmcketta@gdhm.com

*/s/ Roland K. Johnson*
Roland K. Johnson
Texas Bar No. 00000084
Harris Finley & Bogle, P.C.
777 Main St., Suite 1800
Fort Worth, TX  76102
(817) 870-8765 (telephone)
(817) 333-1199 (fax)
rolandjohnson@hfblaw.com

*/s/ David Schleicher*
David Schleicher
Texas Bar No. 17753780
Schleicher Law Firm, PLLC
1227 N. Valley Mills Dr., Suite 208
Waco, TX  76712
(254) 776-3939 (telephone)
(254) 776-4001 (fax)
david@gov.law

3632617.v1

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served upon the following on this 28th day of August, 2020, both (i) by filing it with the Court's electronic filing system and (ii) by email:

> Jonathan F. Mitchell
> Mitchell Law PLLC
> 111 Congress Ave., Suite 400
> Austin, TX  78701
> jonathan@mitchell.law
>
> H. Dustin Fillmore III
> Charles W. Fillmore
> The Fillmore Law Firm, L.L.P.
> 1200 Summit Ave., Suite 860
> Fort Worth, TX  76102
> dusty@fillmorefirm.com
> chad@fillmorefirm.com
>
> David Spiller
> Mason Spiller
> Reid Spiller
> Spiller & Spiller
> P.O. Drawer 447
> Jacksboro, TX  76458
> david@spillerlaw.net
> mason@spillerlaw.net
> reid@spillerlaw.net

3632617.v1

Jeremiah Dys
First Liberty Institute
2001 West Plano Pkwy, Suite 1600
Plano, TX  750765
jdys@firstliberty.org

                              */s/ John J. McKetta III*
                              John J. McKetta III

3632617.v1