UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Brian Keith Umphress, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:20-cv-00253-P |
| David C. Hall, et al., | § § | |
| Defendants. | § § § | |

**DEFENDANTS' BRIEF IN SUPPORT OF
RULE 12(h)(3) and 12(c) MOTION TO ABSTAIN**

John J. McKetta III
Graves Dougherty Hearon & Moody, P.C.
Austin, TX

Roland K. Johnson
Harris Finley & Bogle, P.C.
Fort Worth, TX

David Schleicher
Schleicher Law Firm, PLLC
Waco, TX

**ATTORNEYS FOR DEFENDANTS**

August 28, 2020

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................... ii

**Summary** ...............................................................................................................1

**The Nature of Judge Umphress' Claims** ...............................................................2

**The Court Should Abstain, Based Upon the *Pullman* Doctrine** ..........................4

**Prayer** .................................................................................................................13

**CERTIFICATE OF SERVICE** ............................................................................14

# TABLE OF AUTHORITIES

**CASES**

*Hensley v. State Commission on Judicial Conduct et al.,*
No. D-1-GN-20-003926 in the 459th District Court of Travis County, Texas ........12

*In re Day,*
413 P.3d 907 (Ore.), *cert denied*, 139 S.Ct. 324 (2018) ............................................8

*In re Terry,*
2015 WL 5262186 (Tex.App. - Beaumont 2015, pet. denied)...........................8 n. 4

*Johnson v. United States,*
576 U.S. 591 (2015)..........................................................................................5 n. 2

*Moore v. Hosemann,*
591 F.3d 741 (5th Cir. 2009), *cert. denied*, 560 U.S. 904 (2010)..............................4

*Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Committee,*
283 F.3d 650 (5th Cir. 2002).....................................................................................5

*Railroad Comm'n v. Pullman Co.,*
312 U.S. 496 (1941)................................................................. 1, 4, 5, 6, 11, *passim*

*Sessions v. Dimaya,*
138 S.Ct. 1204 (2018)......................................................................................5 n. 2

*Texas Democratic Party v. Abbott,*
961 F.3d 389 (5th Cir.), *motion to vacate denied*, 140 S.Ct. 2015 (2020) ..........5 n. 1

*Thompson v. Housing Authority of New Orleans,*
689 Fed.Appx. 324 (5th Cir. 2017)............................................................................4

*United Home Rentals, Inc. v. Texas Real Estate Comm'n,*
716 F.2d 324 (5th Cir. 1983) , *cert. denied*, 466 U.S. 928 (1984)..............................5

*United States v. Davis,*
139 S.Ct. 2319 (2019)......................................................................................5 n. 2

**OTHER**

American Bar Association Formal Opinion 485 (2019) ............................................. 8

C.A. Wright & A. Miller, Fed. Prac. & Proc. § 4242 ............................................. 5

Texas Code of Judicial Conduct, Canon 4A(1) .......................... 2, 3, 7, 8, 9, *passim*

Texas Office of the Attorney General Opinion KP-0025 ........................................ 10

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Brian Keith Umphress, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:20-cv-00253-P |
| | § | |
| David C. Hall, et al., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' BRIEF IN SUPPORT OF
## RULE 12(h)(3) and 12(c) MOTION TO ABSTAIN

Defendants David C. Hall, Ronald E. Bunch, David M. Patronella, Darrick L. McGill, Sujeeth B. Draksharam, Ruben G. Reyes, Valerie Ertz, Frederick C. Tate, Steve Fischer, Janis Holt, M. Patrick Maguire and David Schenck, each of whom has been sued in his or her official capacity as a member of the State Commission on Judicial Conduct, file this brief in support of their motion to abstain, and would respectfully show:

### Summary

Defendants ask that the Court abstain from considering this case pursuant to the *Pullman* abstention doctrine.

## The Nature of Judge Umphress' Claims

Judge Umphress says that he learned about the judicial discipline of a Waco justice of the peace (Judge Hensley) for her violation of Judicial Canon 4A(1). Judge Umphress seeks this Court's pre-determination that *he* should not be disciplined under Canon 4A(1) for conduct which Judge Umphress believes to be similar.

Judge Umphress does not allege that any disciplinary action has been threatened against him. None has.

Judge Umphress does not allege that Canon 4A(1) is unconstitutional on its face. He cannot do so. No one can reasonably allege that it is unconstitutional for a State to require that a judge conduct extra-judicial activities so that those activities do not cast reasonable doubt on the judge's capacity to act impartially. The public's confidence in a judge's capacity to act impartially is essential to the integrity of our judiciary.

Instead, Judge Umphress erroneously complains about Canon 4A(1) "as applied." This is based on Judge Umphress' mistaken belief that the discipline of Judge Hensley equated these two acts: that a refusal to perform same-sex weddings (while willing to perform opposite-sex weddings) is, without more, a violation of Canon 4A(1). That is not what occurred in the discipline of Judge Hensley. Judge Hensley was disciplined based on an evidentiary record, including her own

testimony. The State Commission on Judicial Conduct concluded, from the particular evidentiary record before it, that the totality of the circumstances – not a single act or a single choice – demonstrated that Judge Hensley's conduct had cast reasonable doubt on her capacity to act impartially as a judge. Texas statutes gave Judge Hensley the right to an efficient and prompt judicial review of that disciplinary decision by a special tribunal consisting of three State courts of appeal justices, if she believed that the totality of her conduct did *not* support a finding that she violated Canon 4A(1) or if she believed the sanction violated her constitutional rights. She chose not to appeal from that fact-intensive finding.

 The Commission has never decided, nor yet been called upon to decide, whether a refusal to perform same-sex weddings (while agreeing to perform opposite-sex weddings) is, without more, a violation of Canon 4A(1). Nor has any State court in Texas answered that question. A state-court lawsuit (brought by Judge Umphress' attorney, but on behalf of a different judge – Judge Hensley) seeks an answer to that question. When that question is answered by a State court construing Canon 4A(1), perhaps the answer will be "yes"; perhaps the answer will be "no." Federal abstention principles are clear: a Federal court should not presume that a State court will make an unconstitutional construction of a State law which is susceptible to constitutional application.

## The Court Should Abstain, Based Upon the *Pullman* Doctrine

This Court should abstain from adjudicating Judge Umphress' claims. This is so even if Judge Umphress had standing and even if his claims were ripe and not seeking an advisory opinion. (By separate motion, Defendants show why Judge Umphress' claims should be dismissed due to these and other jurisdictional failures.)

For at least eight decades, the Federal courts have been directed to abstain from adjudicating cases involving unsettled questions of State law that must be decided before a substantial federal constitutional question can be decided. *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941). This is because "[s]uch constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy," 312 U.S. at 498; and because the Federal courts should avoid "needless friction with state policies." *Moore v. Hosemann*, 591 F.3d 741, 745 (5th Cir. 2009), *cert. denied*, 560 U.S. 904 (2010).

Thus, when a plaintiff challenges the constitutionality of state action, *Pullman* abstention is generally appropriate when (i) "an issue of uncertain state law" (ii) "is fairly subject to an interpretation [by a state court]," (iii) "which will render unnecessary or substantially modify the federal constitutional question." *Thompson v. Housing Authority of New Orleans*, 689 Fed.Appx. 324, 327 (5th Cir. 2017) (quoting from *Moore v. Hosemann*, *supra*). Where these circumstances

exist (as they do in this lawsuit), "a federal court may, and ordinarily should,[1] refrain from deciding [the] case." *United Home Rentals, Inc. v. Texas Real Estate Comm'n*, 716 F.2d 324, 331 & n.14 (5th Cir. 1983), *cert. denied*, 466 U.S. 928 (1984), *quoting* C.A. Wright & A. Miller, Federal Practice & Procedure, § 4242.

The *Pullman* doctrine is fully applicable in cases (such as this lawsuit) where a plaintiff complains that a state law is unconstitutionally vague and that it violates the plaintiff's First Amendment rights.[2] In *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Committee,* 283 F.3d 650 (5th Cir. 2002), the plaintiff asked for a declaration that its use of in-house staff attorneys to defend its

---

1   The Fifth Circuit sharply criticized a court for failing to abstain in the recent case *Texas Democratic Party v. Abbott*, 961 F.3d 389, 397 n.13 (5th Cir. 2020) (Smith, J.) ("[T]he district court's decision to forge ahead despite an intimately intertwined - and, at that time, unresolved - state-law issue was not well considered…. The district court's reasons for not abstaining are suspect…. The district court's ruling turned our jurisprudence on its head.").

2   These, of course, are Judge Umphress' complaints based on his *perception* of the Commission's interpretation of Judicial Canon 4A(1). To preview the merits a moment, one problem with Judge Umphress' "vagueness" claim – his Claim 3, at ¶¶ 46-55 of his First Amended Complaint – is that he confuses a facial attack and an as-applied attack, and he confuses a State's use of over-inclusive categorical interpretations of law with case-specific applications of law. Justice Gorsuch spoke to this in a recent opinion: "First, a case-specific approach would avoid the vagueness problems that doomed the statutes in *Johnson* and *Dimaya*. In those cases, we recognized that there would be no vagueness problem with asking a jury to decide whether a defendant's 'real-world conduct' created a substantial risk of physical violence." *United States v. Davis*, 139 S.Ct. 2319, 2327 (2019). Thus, the Commission's application of Canon 4A(1) on a case-by-case, fact-specific manner prevents the very vagueness problem that Judge Umphress complains about. A different question might be presented if Texas courts categorically construed *every* instance of a refusal to conduct a same-sex ceremony – regardless of the nuances or particular circumstances – as equivalent to conduct casting reasonable doubt on a judge's capacity to act impartially. Judge Umphress has not alleged, and cannot show, any such categorical construction.

insureds was not an unauthorized practice of law.  The plaintiff pointed to a *different* proceeding in which the Unauthorized Practice of Law Committee (UPLC) had sued a *different* company to enjoin it from using staff attorneys to defend its insureds.  The plaintiff alleged that the Texas unauthorized-practice-of-law statute, as interpreted by the UPLC, was unconstitutionally vague and violated the First Amendment.  The Northern District of Texas dismissed the lawsuit, based upon the *Pullman* abstention doctrine.  The district court reasoned that the state-law question should be resolved by a state court, which might then make it unnecessary to determine whether the Texas statute violated the federal constitution.  The Fifth Circuit affirmed.

In *Nationwide*, the Fifth Circuit said that applicability of the Pullman doctrine turned on two questions:  (i)  was there "a federal constitutional challenge to state action," and (ii) was there "an unclear issue of state law that, if resolved, would make it unnecessary for us to rule on the federal constitutional question." 283 F.3d at 653.  The Fifth Circuit determined that the first question was easily answered "yes."  The second question was also answered "yes," because the uncertain issue of state law was "fairly susceptible" to a state-law interpretation

which, if adopted by the Texas courts, would render it unnecessary for the federal court to decide the federal constitutional challenge. *Id.*[3]

The text of Canon 4A(1) is this: "A judge shall conduct all of the judge's extra-judicial activities so that they do not … (1) cast reasonable doubt on the judge's capacity to act impartially as a judge." A determination under Canon 4A(1) is typically fact-specific, looking at the totality of circumstances in an evidentiary record.

Consider two entirely different hypothetical scenarios. In Scenario One, a State judge, due to deeply held religious principles, chooses not to conduct any same-sex marriages. He also chooses to conduct no opposite-sex marriages except for family members and personal friends; and when he does so, he does not wear judicial robes and the ceremonies are conducted at locations other than the courthouse. He does not advertise or publicly broadcast that he refuses to conduct same-sex marriages. In Scenario Two, a State judge, due to deeply held religious principles, chooses not to conduct any same-sex marriages. She advertises her availability to conduct opposite-sex marriages. When she performs opposite-sex ceremonies, she charges a flat fee, she wears judicial robes, and she conducts the ceremonies in her courtroom. Her public advertising says that the reason she

---

3  The district court had erred, however, in dismissing the case *with* prejudice. Instead, the Fifth Circuit remanded with directions to dismiss *without* prejudice. 283 F.3d at 655-56 & nn.28-31.

refuses to conduct same-sex weddings is that God condemns homosexuality and gay marriage, that homosexuality is a social evil and is associated with pedophilia, that research proves that not even castration can cure homosexuality, and that any effective castration would have to be at neck level.[4]  One could imagine that a Texas court might decide that Scenario One does not involve any violation of Canon 4A(1).  But we do not yet know, because that factual scenario has never been adjudicated by the Commission or by any Texas court.  Guidance from the American Bar Association, based on its Model Code of Judicial Conduct (but not based upon Canon 4A(1) of the Texas Code) concludes that it *is* a violation to refuse to perform same-sex weddings if the judge agrees to marry any opposite-sex couples.  ABA Formal Op. 485 (2019).  On the other hand, the Oregon supreme court says that a violation of *its* judicial canons would require that "the act in question must be undertaken such that it is obvious to others … [or] must be capable of perception."  *In re Day*, 413 P.3d 907, 951 (Ore.), *cert denied*, 139 S.Ct.

---

4   Neither scenario describes any case adjudicated in Texas with respect to Canon 4A(1); but Scenario Two includes factual aspects described in *In re Terry*, 2015 WL 5262186 (Tex.App. - Beaumont 2015, pet. denied) (the trial judge at issue in this recusal case had previously been given a public reprimand and order of additional education for his violation of Canon 4A(1), where he had publicly asserted that, based on his trying over 200 civil commitments, the individuals in those proceedings were "psychopaths"; that if jury trials were not required, he could "get through" 35,000 sex offenders "pretty quickly"; that research shows that castration does not stop predators; and that "the castration would have to kind of occur at neck level.").

324 (2018).[5]  But no Texas court has answered Judge Umphress' question – whether he would violate Canon 4A(1) solely based upon a choice to continue to perform opposite-sex marriages but to refuse same-sex ceremonies.

One could imagine that the Commission or a Texas court would decide that Scenario Two *does* involve a violation of Canon 4A(1).  But there is no suggestion that Judge Umphress would engage in such unattractive conduct.

The November 2019 Public Reprimand concerning Judge Hensley was at neither of the extremes represented by Scenario One and Scenario Two.  One can assume that the circumstances of Judge Umphress' ongoing practice also are at neither of those two extremes.

As stated earlier, State court decisions finding a violation of Canon 4A(1), accordingly, tend to be very fact-specific.  Neither the Commission nor any Texas court has construed Judicial Canon 4A(1) to be violated by the concerns expressed by Judge Umphress:  (i) would his membership in a particular church, standing alone, cast reasonable doubt on the capacity to act impartially?; (ii) would the ongoing practice of conducting same-sex marriage ceremonies but not same-sex ceremonies, standing alone, cast reasonable doubt on the capacity to act

---

5   That court therefore avoided addressing Judge Day's constitutional challenges, because his discipline was affirmed on bases other than the same-sex marriage issue.  413 P.3d at 954.

impartially?; (iii) would his intended 2022 campaign advocacy (which is unspecified in his complaint), standing alone, cast reasonable doubt on his capacity to act impartially? (*See* First Amended Complaint ¶ 30.)

When the Texas Attorney General was asked to opine about governmental duties in somewhat similar circumstances – whether county clerks were required to issue marriage licenses to same-sex couples if the issuance would violate the clerk's religious principles – the Attorney General could not give a "yes" or "no" answer. Instead, his opinion stated on four occasions that the strength of the clerk's rights "depends on the particular facts of each case"; and the opinion says that "such a factually specific inquiry is beyond the scope of what this opinion can answer." (Texas OAG Opinion KP-0025.) The Attorney General could not offer an absolute rule, but said that fact-specific determinations were required. Judge Umphress mistakenly asks this Court to presume that some absolute rule has been adopted, equating a refusal to conduct same-sex marriages as a violation of Canon 4A(1). To the contrary, no absolute rule has been adopted – neither by the Commission nor by any Texas court – up to this date. If neither the Commission nor any Texas court has ruled in the fashion that Judge Umphress alleges, then (i) his "as applied" challenge would ultimately fail on the merits, if this Court were to have jurisdiction to reach the merits, since Canon 4A(1) has not been applied as he has alleged; (ii) Judge Umphress' First Amendment rights have not been "chilled"

by anything the Defendant Commissioners have done; (iii) Judge Umphress instead asks for advice from this Court, where no Article III controversy exists, as to how he should conduct himself in the future; and (iv) this Court should not presume that the Commission or a State court will, in the future, adopt an interpretation of Canon 4A(1) that is constitutionally improper.

This is why the *Pullman* abstention doctrine has such importance. If Canon 4A(1) is "fairly susceptible" to an interpretation that the ongoing and desired conduct described by Judge Umphress in his complaint is *not* a violation, then the *Pullman* doctrine directs that this federal case should be dismissed without prejudice.

The public warning issued in Judge Hensley's disciplinary proceeding does not answer the question asked by Judge Umphress – namely, whether a decision to perform opposite-sex weddings, but not same-sex weddings, standing alone, is a violation of Canon 4A(1). It addressed the question of whether the totality of the conduct of Judge Hensley shown in that evidentiary record indicated a violation of Canon 4A(1). She elected not to appeal her judicial discipline for violation of Canon 4A(1). She did, however, subsequently file a class action lawsuit against the Commission and these Defendant Commissioners – currently pending in Travis County – asking for declaratory relief to the effect that justices of the peace do not violate Canon 4A(1) by (i) a decision to perform opposite-sex weddings, but not

same-sex weddings, (ii) public disapproval of homosexual activity, or (iii) affiliating with a church that opposes same-sex marriages. *Hensley v. State Commission on Judicial Conduct et al.,* No. D-1-GN-20-003926 in the 459th District Court of Travis County, Texas, Petition ¶¶ 80-81.[6]

If a future decision is reached that a decision to perform opposite-sex weddings, but not same-sex weddings, standing alone, is a violation of Canon 4A(1) – whether the future decision is by the Commission or by a State court; whether in Judge Hensley's state-court lawsuit or in some other proceeding – then *Pullman* abstention might no longer be applicable. Other subject-matter jurisdictional problems might still bar Judge Umphress' claims, but the purposes behind the *Pullman* abstention doctrine would no longer exist. But unless and until such future decision were to occur, if at all, the Supreme Court and the Fifth Circuit have given clear instruction that this Court should not presume that a constitutional frailty exists in how the State of Texas would construe and apply its laws.

For these reasons, the Court should abstain and this case should be dismissed without prejudice.

---

[6] Both in the disciplinary proceeding and in the subsequent class action suit, Judge Hensley's lead attorney is the same person as Judge Umphress' lead attorney.

## Prayer

Defendants respectfully pray that the Court abstain pursuant to the *Pullman* abstention doctrine and dismiss this action without prejudice. Defendants further pray for all other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/ John J. McKetta III*
John J. McKetta III
Texas Bar No. 13711500
Graves Dougherty Hearon & Moody, P.C.
401 Congress Ave., Suite 2700
Austin, TX  78701
(512) 480-5616 (telephone)
(512) 480-5816 (fax)
mmcketta@gdhm.com

*/s/ Roland K. Johnson*
Roland K. Johnson
Texas Bar No. 00000084
Harris Finley & Bogle, P.C.
777 Main St., Suite 1800
Fort Worth, TX  76102
(817) 870-8765 (telephone)
(817) 333-1199 (fax)
rolandjohnson@hfblaw.com

*/s/ David Schleicher*
David Schleicher
Texas Bar No. 17753780
Schleicher Law Firm, PLLC
1227 N. Valley Mills Dr., Suite 208
Waco, TX  76712
(254) 776-3939 (telephone)
(254) 776-4001 (fax)
david@gov.law

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served upon the following on this 28th day of August, 2020, both (i) by filing it with the Court's electronic filing system and (ii) by email:

>Jonathan F. Mitchell
>Mitchell Law PLLC
>111 Congress Ave., Suite 400
>Austin, TX  78701
>jonathan@mitchell.law
>
>H. Dustin Fillmore III
>Charles W. Fillmore
>The Fillmore Law Firm, L.L.P.
>1200 Summit Ave., Suite 860
>Fort Worth, TX  76102
>dusty@fillmorefirm.com
>chad@fillmorefirm.com
>
>David Spiller
>Mason Spiller
>Reid Spiller
>Spiller & Spiller
>P.O. Drawer 447
>Jacksboro, TX  76458
>david@spillerlaw.net
>mason@spillerlaw.net
>reid@spillerlaw.net

       Jeremiah Dys
       First Liberty Institute
       2001 West Plano Pkwy, Suite 1600
       Plano, TX  750765
       jdys@firstliberty.org

                                     */s/ John J. McKetta III*
                                       John J. McKetta III