UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Brian Keith Umphress, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:20-cv-00253-P |
| | § | |
| David C. Hall, et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' BRIEF IN SUPPORT OF
RULE 12(h)(3) and 12(c) MOTION TO DISMISS
BASED ON LACK OF SUBJECT MATTER JURISDICTION**

John J. McKetta III
Graves Dougherty Hearon & Moody, P.C.
Austin, TX

Roland K. Johnson
Harris Finley & Bogle, P.C.
Fort Worth, TX

David Schleicher
Schleicher Law Firm, PLLC
Waco, TX

**ATTORNEYS FOR DEFENDANTS**

August 28, 2020

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................i

**Summary** ..........................................................................................................1

**The Nature of Judge Umphress' Claims** ..................................................2

**Judge Umphress Does Not Have Standing** ..............................................4

**Judge Umphress Seeks an Advisory Opinion; Ripeness** .....................8

**Immunity Bars Judge Umphress' Claims** ...............................................16

    **1.  Sovereign immunity** ...........................................................................16

    **2.  Limitation on relief** ...........................................................................18

**Prayer** .............................................................................................................21

**CERTIFICATE OF SERVICE** ..................................................................23

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page i

3633324.v1

# TABLE OF AUTHORITIES

## CASES

*Aetna Life Ins. Co. v. Haworth*,
300 U.S. 227 (1937) ........................................................................14 n.1

*Amigos Labor Solutions, Inc. v. Texas Supreme Court Unauthorized
Practice of Law Committee*, 2006 WL 8437527 (N.D.Tex. 2006) ........................12

*Babbitt v. United Farm Workers Nat. Union*,
442 U.S. 289 (1979) ...............................................................................5

*Bryant v. Tex. Dep't of Aging & Disability Servs.*,
781 F.3d 764 (5th Cir. 2015) ...................................................................16

*Buddy Gregg Motor Homes, Inc. v. Marathon Coach, Inc.*,
2008 WL 11429596 (N.D. Tex. 2008) ..............................................18 n. 4

*Carr v. Calogero*,
1993 WL 67171 (5th Cir. 1993) ................................................................20

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) ............................................................................4, 8

*Corn v. Mississippi Dep't of Public Safety*,
954 F.3d 268 (5th Cir. 2020) ..............................................................16, 17

*Ex parte Young*,
209 U.S. 123 (1908) .........................................................16, 17, 17 n. 3, 18

*Feng Li v. Rabner*,
643 Fed.Appx. 57 (2nd Cir. 2016) .............................................................20

*Harris v. Mexican Specialty Foods, Inc.*,
564 F.3d 1301 (11th Cir. 2009) ...................................................................8

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page ii

3633324.v1

*In re Terry*,
2015 WL 5262186 (Tex.App. - Beaumont 2015, pet. denied) .................................9

*Laird v. Tatum*,
408 U.S. 1 (1972) .................................................................................................6

*Lampton v. Diaz*,
2010 WL 1873091 (S.D.Miss. 2010), *rev'd on other grounds*,
661 F.3d 897 (5th Cir. 2011)......................................................................................20

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)......................................................................................4, 8

*Middlesex County Ethics Comm. v. Garden State Bar Assen*,
457 U.S. 423 (1982)...................................................................................19

*NiGen Biotech, L.L.C. v. Paxton*,
804 F.3d 389 (5th Cir. 2015) ...................................................................17

*North Carolina v. Rice*,
404 U.S. 244 (1971) ...........................................................................14 n. 1

*Osterweil v. Edmonson*,
424 Fed.Appx. 342 (5th Cir. 2011)...........................................................5

*Palmer v. Bone*,
2019 WL 2882053, *adopted*, 2019 WL 2868923 (E.D.Tex. 2019)..................12, 13

*Papasan v. Allain*,
478 U.S. 265 (1986)..................................................................................17

*Republican Party of Minnesota v. White*,
536 U.S. 765 (2002).....................................................................................9

*Spec's Family Partners, Limited v. Nettles*,
2020 WL 5001801(5th Cir. Aug. 25, 2020)......................................................17 n. 3

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page iii

3633324.v1

*Villarreal v. Horn*,
802 Fed.Appx. 107 (5th Cir, 2020) .............................................................4

*Voisin's Oyster House, Inc. v Guidry*,
799 F.2d 183 (5th Cir. 1986).............................................................16 n. 2

*Younger v. Harris*,
401 U.S. 37 (1971) ..............................................................................5

## RULES AND STATUTES

TEX. ELECTION CODE § 172.023(b)..............................................................6

TEXAS GOVERNMENT CODE § 33.002(a-1) ............................................19

TEXAS GOVERNMENT CODE § 33.006(b) ...............................................16

TEXAS GOVERNMENT CODE § 33.006 (c).................................................16

TEXAS GOVERNMENT CODE, § 33.034.............................................11, 19

42 U.S.C. § 1983.................................................................16, 17, 18, 20

42 U.S.C. § 1988........................................................................19, 20

## OTHER

Texas Code of Judicial Conduct, Canon 4A(1) ........................ 2, 3, 7, 8, 11, *passim*

Texas Office of the Attorney General Opinion KP-0025 ........................................10

Federal Courts Improvement Act of 1996, PL 104-317,
110 Stat. 3847, § 309(c) ..........................................................................18

Federal Courts Improvement Act of 1996, PL 104-317,
110 Stat. 3847, § 309(b) ..........................................................................19

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page iv

3633324.v1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Brian Keith Umphress, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:20-cv-00253-P |
| | § | |
| David C. Hall, et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' BRIEF IN SUPPORT OF
RULE 12(h)(3) and 12(c) MOTION TO DISMISS
(SUBJECT MATTER JURISDICTION)**

Defendants David C. Hall, Ronald E. Bunch, David M. Patronella, Darrick L. McGill, Sujeeth B. Draksharam, Ruben G. Reyes, Valerie Ertz, Frederick C. Tate, Steve Fischer, Janis Holt, M. Patrick Maguire and David Schenck, each of whom has been sued in his or her official capacity as a member of the State Commission on Judicial Conduct, file this brief in support of their motion to dismiss based on lack of subject matter jurisdiction, and would respectfully show:

**Summary**

Defendants ask that this case be dismissed for lack of subject matter jurisdiction. Dismissal is proper for each of the following reasons: (i) Judge Umphress lacks standing to assert the claims in this lawsuit; (ii) no controversy is

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 1

3633324.v1

ripe for adjudication; (iii) Judge Umphress seeks impermissible advisory opinions; and (iv) Defendants have immunity against Judge Umphress' claims.

## The Nature of Judge Umphress' Claims

Judge Umphress says that he learned about the judicial discipline of a Waco justice of the peace (Judge Hensley) for her violation of Judicial Canon 4A(1). Judge Umphress seeks this Court's determination that *he* should not be disciplined under Canon 4A(1) for conduct which Judge Umphress believes to be similar.

Judge Umphress does not allege that any disciplinary action has been threatened against him. None has.

Judge Umphress does not allege that Canon 4A(1) is unconstitutional on its face. He cannot do so. No one can reasonably allege that it is unconstitutional for a State to require that a judge conduct extra-judicial activities so that those activities do not cast reasonable doubt on the judge's capacity to act impartially. The public's confidence in a judge's capacity to act impartially is essential to the integrity of our judiciary.

Instead, Judge Umphress erroneously complains about Canon 4A(1) "as applied." First Amended Complaint, §§ 38-41, 56. This is based on Judge Umphress' mistaken belief that the discipline of Judge Hensley equated these two acts: that a refusal to perform same-sex weddings (while willing to perform

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 2

3633324.v1

opposite-sex weddings) is, without more, a violation of Canon 4A(1).  That is not what occurred in the discipline of Judge Hensley.  Judge Hensley was disciplined based on an evidentiary record, including her own testimony.   The State Commission on Judicial Conduct concluded, from the particular evidentiary record before it, that the totality of the circumstances – not a single act or a single choice – demonstrated that Judge Hensley's conduct had cast reasonable doubt on her capacity to act impartially as a judge.  Texas statutes gave Judge Hensley the right to an efficient and prompt judicial review of that disciplinary decision by a special tribunal consisting of three State courts of appeal justices, if she believed that the totality of her conduct did *not* support a finding that she violated Canon 4A(1).  She chose not to appeal from that fact-intensive finding.

The Commission has never decided, nor yet been called upon to decide, whether a refusal to perform same-sex weddings (while agreeing to perform opposite-sex weddings) is, without more, a violation of Canon 4A(1).  A state-court lawsuit (brought by Judge Umphress' attorney, but on behalf of a different judge – Judge Hensley) seeks an answer to that question.  When that question is answered by a State court construing Canon 4A(1), perhaps the answer will be "yes"; perhaps the answer will be "no."

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 3

3633324.v1

As discussed in Defendants' separate motion to abstain, Federal abstention principles are clear:  a Federal court should not presume that a State court will make an unconstitutional construction of State law which is susceptible to constitutional application.   In this motion, Defendants show the absence of Article III subject matter jurisdiction.

## Judge Umphress Does Not Have Standing

Dismissal is required because Judge Umphress does not have Article III standing.    Standing requires (i) an injury in fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (ii) a causal connection between the conduct complained of and the injury in fact; and (iii) that it must be likely, and not merely speculative, that the injury would be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Indeed, plaintiff's alleged injury must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("we have repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient") (Alito, J; emphasis in original); *Villarreal v. Horn*, 802 Fed.Appx. 107, 108 (5th Cir. 2020) (dismissing for lack of standing to seek declaratory judgment as to citizenship; "there is no allegation that these 'threatened injur[ies]' … are 'certainly

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 4

3633324.v1

impending'").   When a plaintiff asks a federal court for pre-enforcement relief against a State law, standing requires more than an "imaginary or speculative" fear of prosecution.  *Younger v. Harris*, 401 U.S. 37, 42 (1971) (denying standing as to three plaintiffs who said they "feel inhibited" by the challenged law but as to whom no prosecution was threatened).   Rather, there must be "a credible threat of prosecution."  *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979); *Osterweil v. Edmonson*, 424 Fed.Appx. 342, 343-44 (5th Cir. 2011) (the plaintiff said "he faces possible prosecution and imprisonment" if he were to violate the challenged regulatory scheme; "Although an actual arrest is not always necessary to confer standing to challenge a criminal statute, a plaintiff must show there is a credible threat of prosecution….   The record here does not allow Osterweil's bald claim to rise above the level of speculation or conjecture.").

Judge Umphress does not allege that any judicial disciplinary investigation or proceeding is pending.  None is.  Nor can he allege that he has been threatened with any.  No such threats have been made.  Instead, he alleges only "a chilling effect" on his First Amendment rights (First Amended Complaint ¶ 31) based on his belief of the "premise" of the Commission's decision in a November 12, 2019 Public Warning to a different judge (¶¶ 22-24).

But nothing has been chilled.

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 5

3633324.v1

Judge Umphress had known of the Public Warning for several months before his March 18, 2020 filing of this lawsuit. But he continues to attend the same church that he attended before he knew of the Public Warning concerning a different judge. First Amended Complaint ¶ 27. He continues to engage in the same practice that he engaged in before concerning the performance of opposite-sex wedding ceremonies but not same-sex ceremonies. First Amended Complaint ¶ 28. And as to his plans to campaign for re-election in 2022 "as an opponent of same-sex marriage and of the living-constitution mindset" to which he attributes Justice Kennedy's *Obergefell* decision, there is nothing imminent. This is because Judge Umphress cannot appear as a candidate for that race prior to September 14, 2021. *See* Tex. Election Code § 172.023(b). (And of course, Judge Umphress does not share allegations as to the specific words he intends to use in his 2022 campaign. It is not an appropriate use of this Court to ask for guidance as to what specific words should, and what words should not, be privileged against any form of investigation and consideration by the Texas Commission on Judicial Conduct.)

"Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). Judge Umphress has failed to identify any

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 6

3633324.v1

conduct that he wishes to engage in, but which he has been deterred from engaging

in, by reason of his belief as to the Commission's "interpretation" of Canon 4A(1).

Moreover, Judge Umphress has no evidence of any imminent or threatened

disciplinary proceeding against him.  None exists, and none is threatened.  The sole

instance of any disciplinary action he cites involved a fact-specific determination

from an evidentiary record that involved more extensive conduct than the conduct

about which he seeks relief.  Judge Umphress has made no complaint of any

decision by the Commission other than the Public Warning issued to Judge

Hensley in November 2019.  In particular, Judge Umphress has made no allegation

of any instance when the Commission has imposed discipline on a judge because

of the judge's worshipping at the church of his or her choice; nor because of the

judge's refusal to perform same-sex weddings (while agreeing to perform

opposite-sex weddings), without more; nor because of the judge's communicating

whatever message Judge Umphress intends for his campaign advocacy in 2022.

Judge Umphress continues to engage in the conduct that he claims to be protected,

without any "chill" by reason of the Public Warning to Judge Hensley; and his

conjecture that he may one day face disciplinary action for his conduct is no more

than mere speculation.  He has no evidence of any "credible threat of prosecution"

or any other injury-in-fact that is "concrete and particularized" and "actual or

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 7

3633324.v1

imminent, not conjectural or hypothetical," *see Lujan v. Defenders of Wildlife*, *supra*, 504 U.S. at 560-61; and no evidence that any alleged threatened injury is "certainly impending." *See Clapper, supra,* 568 U.S. at 409.

For these reasons, this case should be dismissed for lack of standing.

### Judge Umphress Seeks an Advisory Opinion; Ripeness

Dismissal is also proper because no controversy is ripe and Judge Umphress asks this Court for advisory opinions.

The question of ripeness "applies differently to facial and as-applied challenges." *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1308 (11th Cir. 2009). This is because a facial challenge is typically purely a legal attack, that will succeed if (but only if) the challenged State law could never be applied in a constitutional manner. A purely legal claim (*i.e.*, a facial challenge) does not require a developed factual record and thus might be ripe for review. *Id.*

Judge Umphress does not make a facial attack on Canon 4A(1). He makes an as-applied challenge, attacking the interpretation that he mistakenly claims was the Commission's "premise" of the Public Warning against a different judge. First Amended Complaint, at page 1 and ¶ 24.

An as-applied challenge depends upon the specific facts to which the challenged State law has been, or imminently will be, applied. Here, we know

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 8

3633324.v1

almost no facts.  As an example:  Judge Umphress asks for an injunction against the Defendants' investigating or disciplining him for "announcing [his] opposition to same-sex marriage and *Obergefell* when seeking … reelection to judicial office" in 2022.  First Amended Complaint ¶ 45.  Yet Judge Umphress does not tell us what communications he intends to use in his reelection.  One can imagine positional statements that are protected under the First Amendment principles in *Republican Party of Minnesota v. White,* 536 U.S. 765 (2002).  But one can also imagine statements that are as flagrant, divisive and demeaning about gay people as the statements described in *In re Terry*, 2015 WL 5262186, at 2 (Tex.App. - Beaumont 2015, pet. denied), which could have destructive impact on the reasonable perceptions of future litigants.  Those two different scenarios could have very different constitutional analysis.  No controversy is ripe to determine what future investigations or disciplinary proceedings would be appropriate to assure enforcement of judicial canons that are essential to protect compelling governmental interests in the integrity of the judicial system.

When the Texas Attorney General addressed whether refusals by county clerks to conduct same-sex marriages might be permissible, he emphasized on four occasions that the strength of a claim "depends on the particular facts of the case"; and he wrote that "such a factually specific inquiry is beyond the scope of what

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 9

3633324.v1

this opinion can answer." (Tex. OAG Op. KP-0025.) This is because many determinations of permissible conduct are fact-specific, rather than by imposing some absolute rule. It would be one matter if Judge Umphress had asked this Court to examine the circumstances of a past refusal to perform a same-sex ceremony (if there hypothetically were an Article III case or controversy about it), to develop a factual record about the totality of the circumstances, and determine whether the totality of the circumstances did, or did not constitute a violation of Canon 4A. It's an entirely different matter to ask this Court, or any court, to declare that for all the future there could be no instance when the totality of circumstances around a refusal to conduct a same-sex marriage could ever be a part of conduct casting doubt on capacity to act impartially; and it is a remarkable presumption to ask for an injunction that no future circumstances could ever be investigated for potential violations of the Judicial Code. Even more so, Judge Umphress asks for a declaratory judgment and permanent injunction that nothing he ever says or does in the future, in his 2022 reelection campaign, could be a basis for an investigation or for discipline – even if hypothetically he were to use very disparaging words about specific homosexual litigants or cases pending before him. A litigant cannot reasonably complain, or a court consider, whether the

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 10

3633324.v1

application of Canon 4A(1) was unconstitutional "as applied" until Canon 4A(1) has been applied to a specific set of facts that pertain to the litigant.

Judge Umphress seeks to immunize specific conduct in the abstract, but he does not allege a comprehensive description of all the activities that may be associated with that conduct in the future. The result is that his as-applied challenge of Canon 4A(1) is premature. Instead, Judge Umphress asks for an advisory opinion that would answer abstract questions: can a judge be disciplined solely on the basis of his or her choice of church, without more?; can a judge be disciplined solely upon his choice not to perform same-sex weddings (while willing to perform opposite-sex weddings), without more?; can a judge be disciplined solely based upon whatever communications Judge Umphress intends to use during his 2022 campaign?

Today, no pending or threatened investigation or disciplinary proceeding exists. If one occurs at a future date, an efficient process allows a judge to defend, including to assert any constitutional protections; and an efficient and prompt statutory review of any disciplinary action is available if the respondent judge desires. Texas Government Code, § 33.034 (providing prompt *de novo* appeal from a sanction such as the Public Warning issued to Judge Hensley).

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 11

3633324.v1

An interesting application of the ripeness doctrine was the dismissal of a federal action against the Unauthorized Practice of Law Committee in *Palmer v. Bone*, 2019 WL 2882053, *adopted*, 2019 WL 2868923 (E.D.Tex. 2019). The plaintiff sought to enjoin any UPLC proceeding in order to protect his alleged First and Fourteenth Amendment rights. He did not make any facial challenge to a statute. Instead, he complained that the application of the unauthorized-practice statute to him was unconstitutional. Unlike Judge Umphress' circumstances, where no investigation or enforcement action exists or has been threatened, plaintiff Palmer had received a letter from the UPLC alleging that he "may have engaged in activities which constitute the unauthorized practice of law." Even so, the court held that the case was not ripe for the as-applied challenge. No enforcement action had commenced. No final decision had been made by the UPLC, The plaintiff only could allege that he "may" or "will" be prosecuted. "Even accepting Plaintiffs entire version of events as true, no justiciable controversy exists at present. Here, any controversy 'exists only in the abstract – yet to manifest in specific, concrete facts.'" *Id.* at page 4, *quoting Amigos Labor Solutions, Inc. v. Texas Supreme Court Unauthorized Practice of Law Committee*, 2006 WL 8437527 (N.D.Tex. 2006). "Accordingly, at this time, the likelihood of an enforcement action is too tenuous to constitute an actual controversy… Instead,

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 12

3633324.v1

the record shows that the events which Plaintiffs seek to forestall 'may not occur at all.' … Plaintiffs' fears are too tenuous, too contingent upon multiple future events to constitute an actual controversy between the parties.   Because no actual controversy exists, the Court has no subject matter jurisdiction over this action and it must be dismissed." *Palmer v. Bone*, *supra*, at 4.

Further, no litigant is permitted in Federal court to ask the Court's advice as to whether a Supreme Court decision does, or does not, contain certain language; and yet that **advisory** opinion is what Judge Umphress seeks when he asks this Court to determine whether the opinion in *Obergefell* does, or does not, require him to perform same-sex marriages.   First Amended Complaint ¶ 34.   Indeed, Judge Umphress admits that he must receive that declaratory relief "before he can seek declaratory and injunctive relief [against Defendants] on his First Amendment claims." *Id.*   But no case or controversy exists in this lawsuit as to whether the opinion in *Obergefell* does, or does not, require him to perform same-sex marriages.   The State Judicial Conduct Commission and the Defendants, its Commissioners, are not an advocacy organization.   They do not have a stake in the outcome of the advisory-opinion question that Judge Umphress seeks in ¶ 34 of his First Amended Complaint.   If Judge Umphress wishes to present an Article III case or controversy as to whether he is required to perform same-sex marriages, his

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 13

3633324.v1

counter-party must be a party with a stake in that outcome – such as a person who wishes, but was refused, a same-sex marriage performed by Judge Umphress, or an advocacy organization with proper associational standing to litigate that issue.[1] Defendants are not such a party.

Judge Umphress further asks for an improper advisory opinion when he asks this Court to determine if *this* conduct, or *that*, or potential unspecified future campaign language, would violate Canon 4A(1). No investigation or enforcement action has been threatened. To ask this Court whether *this* action, or *that* action, would result in potential adverse consequences is to ask for an advisory opinion. It is as if a plaintiff asked this Court whether *this* speech or conduct or *that* speech or conduct would constitute actionable civil defamation or potential criminal harassment. The fact that a plaintiff has First Amendment rights for non-defamatory speech or for non-harassing speech does not mean that an Article III court has jurisdiction to advise him when he would, or when he would not, be overstepping protected speech. Similarly, Judge Umphress has no right to ask this Court to advise him as to what conduct he may, and what conduct he may not, engage in without stepping beyond his protected rights of speech and free exercise.

---

[1]     "To be cognizable in a federal court, a suit 'must be definite and concrete, touching the legal relations of *parties having adverse legal interests.*'" *North Carolina v. Rice*, 404 U.S. 244, 246 (1971), *quoting Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (emphasis added).

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 14

3633324.v1

Finally, Judge Umphress' remarkable allegations asking this Court to overrule *Obergefell* are inappropriate and – even when pleaded merely to "preserve this claim" for future Supreme Court review – do not present any Article III case or controversy. *See* First Amended Complaint, ¶¶ 65-76 (alleging that the changed composition of the Supreme Court should result in a disregard for *stare decisis* and an overruling of *Obergefell*). As stated above, these official-capacity Defendants, and the State Commission on Judicial Conduct, have no stake in that question. A case or controversy would require Judge Umphress to identify and sue a counter-party with a stake in that outcome – and indeed, a party with more than an inquisitive interest or a preference as to the outcome. Defendants may individually have varying thoughts or preferences or curiosity about that potential lawsuit, but they have no stake in the controversy that would satisfy the "case or controversy" requirements of Article III. The role of these Defendants in their official capacities, and the role of their official-capacity successors, is to follow and apply the law, and particularly the Texas Code of Judicial Conduct and the constitutional and statutory provisions of Texas' judicial discipline system, in disciplinary proceedings before them -- not to advocate for changes in the law.

Because no controversy is ripe, and because advisory opinions are sought, this case should be dismissed.

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 15

3633324.v1

## Immunity Bars Judge Umphress' Claims[2]

### 1. Sovereign immunity

The Fifth Circuit very recently reviewed the principles of immunity applicable to a suit – such as Judge Umphress' suit – brought against official-capacity State officers pursuant to § 1983 and *Ex parte Young*. *Corn v. Mississippi Dep't of Public Safety*, 954 F.3d 268, 273-76 (5th Cir. 2020). "The Eleventh Amendment bars federal 'suits against a state, a state agency, or a state official in his official capacity unless [1] that state has waived its sovereign immunity or [2] Congress has clearly abrogated it.'" *Id.* at 274 (quoting *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015)).

First, Texas has not waived its sovereign immunity. Texas Government Code § 33.006(b),(c) (each Commissioner "is not liable for an act or omission committed by the person within the scope of the person's official duties"; "The immunity from liability provided by this section is absolute and unqualified and extends to any action at law or in equity").

Second, Congress has not clearly abrogated sovereign immunity in suits such as Judge Umphress' suit. *Corn*, *supra*, 954 F.3d at 275 ("Congress has not

---

[2]     A determination of immunity is addressed as a lack of subject matter jurisdiction. *Voisin's Oyster House, Inc. v Guidry*, 799 F.2d 183, 188 (5th Cir, 1986).

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 16

3633324.v1

expressly waived sovereign immunity for § 1983 suits").   An exception to sovereign immunity exists, using the mechanism from *Ex parte Young*, 209 U.S. 123 (1908):  "To meet the *Ex parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect."  *Corn*, *supra*, 954 F.3d at 275

But the Fifth Circuit noted that the *Ex parte Young* exception has limits on its availability to avoid sovereign immunity.  Plaintiff must allege and show an *ongoing* violation of federal law:

> "However, the Supreme Court limits the *Ex Parte Young* exception to 'cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past.' *Papasan v. Allain*, 478 U.S. 265, 277[-78], 106 S.Ct. 2932, 92 L.Ed.2d 209−78 (1986). In other words, Plaintiffs must show 'that [Fisher is currently] *violating* federal law, not simply that the defendant has done so.' *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) [emphasis in original]."

*Corn*, *supra*, 954 F.3d at 275-76 (bracketed language in original).[3]

---

[3]   *Accord, Spec's Family Partners, Limited v. Nettles*, 2020 WL 5001801, slip op. at 7 (5th Cir. Aug. 25, 2020) (emphasizing the requirement that plaintiff must allege "an ongoing violation of federal law" in order to invoke *Ex parte Young*):

> "We also agree with the district court that Spec's claims for injunctive and declaratory relief [against State officials] are barred by sovereign immunity….  The injunctive relief focuses on [the defendants'] past behavior but does not allege an 'ongoing violation of the law.'   *See Stewart*, 563 U.S. at 255….  Spec's has therefore failed to allege a claim that falls within the *Ex parte Young* exception, and its claims for injunctive and declaratory relief are barred by sovereign immunity."

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 17

3633324.v1

Judge Umphress' complaint fails to meet this standard. Judge Umphress has identified a single past decision by the Texas State Commission on Judicial Conduct, rather than any ongoing alleged violation of federal law. Judge Umphress has not furnished any factual allegation to the effect that Defendants have threatened him with any alleged violation of federal law; and he has not furnished any allegation of any alleged ongoing violation of federal law. Thus, he cannot circumvent sovereign immunity by his flawed effort to invoke *Ex parte Young*.

### 2.  Limitation on relief

Even when relief is available against a state official under *Ex parte Young*, Congress has limited the relief that can be sought against judicial officers. <u>First</u>, injunctive relief is not ordinarily available against judicial officers: "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Congress adopted this language in 1996, legislatively overruling prior contrary judicial interpretations of § 1983.[4] Federal Courts Improvement Act of 1996, PL 104-317, 110 Stat. 3847, § 309(c). <u>Second</u>, attorneys' fees and costs are not

---

[4] *Buddy Gregg Motor Homes, Inc. v. Marathon Coach, Inc.*, 2008 WL 11429596, slip op. at 6 (N.D. Tex. 2008) (Means, J).

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 18

3633324.v1

ordinarily available against judicial officers.  The same Congress also adopted this limitation on 42 U.S.C. § 1988:  "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction."  Federal Courts Improvement Act of 1996, PL 104-317, 110 Stat. 3847, § 309(b).  Because these statutes expressly limited the potentially available relief against judicial officers, judicial officers retain their immunity against any claims for injunctive relief or for costs and attorneys' fees.

The State Commission on Judicial Conduct "is an agency of the judicial branch of state government and administers judicial discipline."  Texas Government Code § 33.002(a-1). Each of these Defendants is sued in his or her official capacity based upon an adjudicatory decision these Defendants (or their predecessors in office) issued.  Their job was to make a decision based upon the particular evidentiary record before them; and if a respondent judge believed the Commissioners had erred in disciplining him or her, an efficient statutory review was available.  *Id.* §33.034.

The Supreme Court has noted that state bar disciplinary committees have an "essentially judicial nature."  *Middlesex County Ethics Comm. v. Garden State Bar*

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 19

3633324.v1

*Ass'n*, 457 U.S. 423, 434 n.13 (1982); *accord*, *Carr v. Calogero,* 1993 WL 67171, at 2 (5th Cir. 1993) (members of bar disciplinary board, "whose responsibilities are comparable in function to a judge's[,] are also entitled to absolute immunity from liability"; "Thus, bar grievance committee members have been held absolutely immune from suit"); *Feng Li v. Rabner*, 643 Fed.Appx. 57, 59 (2nd Cir. 2016) (officials involved in disbarment of the plaintiff were "judicial officers" for purposes of § 1983 "because they were either judges, or because they were acting as a 'quasi-judicial' body, that entitled its members to quasi-judicial immunity"). Similarly, those few courts that have addressed the question have concluded that judicial ethics commissioners should also be treated with quasi-judicial immunity in § 1983 actions. *E.g., Lampton v. Diaz*, 2010 WL 1873091, slip op. at 12 n.6, 14 (S.D.Miss. 2010) (citing applicable cases from various jurisdictions; holding that Commissioner Leslie Lampton was absolutely immune from federal claims "arising from their performance of the functions of the Commission," but denying immunity from state claims arising from her filing a suit for declaratory judgment), *rev'd on other grounds*, 661 F.3d 897 (5th Cir. 2011) (holding that Commissioner Lampton was *also* immune from state claims related to her declaratory judgment action).   Thus, the term "judicial officers" in §§ 1983 and 1988 should be

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 20

3633324.v1

interpreted to encompass these Defendants, whose official duties place them in an adjudicatory capacity.

Accordingly, even if the Court were to determine that Defendants do not enjoy greater immunity as briefed in at pages 20-22 (sovereign immunity), above, Defendants are immune from any award of injunctive relief and from any award of costs, including attorneys' fees.

## Prayer

Defendants respectfully pray that this action be dismissed.  Defendants further pray for all other relief, at law or in equity, to which they may be justly entitled.

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 21

3633324.v1

Respectfully submitted,

*/s/ John J. McKetta III*
John J. McKetta III
Texas Bar No. 13711500
Graves Dougherty Hearon & Moody, P.C.
401 Congress Ave., Suite 2700
Austin, TX  78701
(512) 480-5616 (telephone)
(512) 480-5816 (fax)
mmcketta@gdhm.com

*Roland K. Johnson*
Roland K. Johnson
Texas Bar No. 00000084
Harris Finley & Bogle, P.C.
777 Main St., Suite 1800
Fort Worth, TX  76102
(817) 870-8765 (telephone)
(817) 333-1199 (fax)
rolandjohnson@hfblaw.com

*David Schleicher*
David Schleicher
Texas Bar No. 17753780
Schleicher Law Firm, PLLC
1227 N. Valley Mills Dr., Suite 208
Waco, TX  76712
(254) 776-3939 (telephone)
(254) 776-4001 (fax)
david@gov.law

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 22

3633324.v1

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was served upon the following on this 28th day of August, 2020, both (i) by filing it with the Court's electronic filing system and (ii) by email:

> Jonathan F. Mitchell
> Mitchell Law PLLC
> 111 Congress Ave., Suite 400
> Austin, TX  78701
> jonathan@mitchell.law
>
> H. Dustin Fillmore III
> Charles W. Fillmore
> The Fillmore Law Firm, L.L.P.
> 1200 Summit Ave., Suite 860
> Fort Worth, TX  76102
> dusty@fillmorefirm.com
> chad@fillmorefirm.com
>
> David Spiller
> Mason Spiller
> Reid Spiller
> Spiller & Spiller
> P.O. Drawer 447
> Jacksboro, TX  76458
> david@spillerlaw.net
> mason@spillerlaw.net
> reid@spillerlaw.net

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 23

3633324.v1

Jeremiah Dys
First Liberty Institute
2001 West Plano Pkwy, Suite 1600
Plano, TX  750765
jdys@firstliberty.org


/s/ John J. McKetta III
John J. McKetta III

Defendants' Brief in Support of Rule 12(h)(3) and 12(c) Motion to Dismiss
Based on Lack of Subject Matter Jurisdiction
Page 24

3633324.v1