# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **BRIAN KEITH UMPHRESS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:20-cv-00253-P** |
| | § | |
| **DAVID C. HALL, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## UNOPPOSED MOTION TO AMEND OR MODIFY
## THE COURT'S NOVEMBER 12, 2020 AMENDED ORDER

Defendants respectfully ask the Court to modify or amend its November 12, 2020 Amended Memorandum Opinion and Order (ECF No. 40).

Plaintiff's attorney Jonathan Mitchell has advised the undersigned that this motion is not opposed.  (*See* Certificate of Conference, at page 7 below.)

By this motion, Defendants ask that the Court modify a number of its descriptions of the factual record in this case, as set forth in Appendix C.[1]

Defendants have represented to the Court, and the Amended Opinion accurately reflects, the following facts:

    (i)    that no investigation or disciplinary action concerning Judge Brian Keith Umphress has been threatened or commenced;

---

[1]  Whether the Court considers the motion pursuant to Rule 52, Rule 59, or Rule 60(a), Fed. R. Civ. P., the purpose of the motion is to assure that the Amended Order -- especially if it becomes published -- does not inadvertently mis-portray the factual record before the Court.

(ii)  that neither the Commission nor any Texas court has—to this date—expressed the view that Canon 4A(1) would be violated by a judge's choice of church for worship, nor (without more), a judge's choice to decline to perform same-sex marriages, nor a judge's choice to campaign on a platform that opposes same-sex marriage and *Obergefell*; and

(iii)  the Commission does not currently plan, or anticipate, a future disciplinary proceeding against Judge Umphress.

Each of these facts continues to be true.  But Defendants cannot guarantee that there will be never be any future disciplinary proceeding.  Defendants briefed as follows:

"Applicability of Canon 4A(1) cannot be determined without a factual record.  Here, no claim has been asserted that Judge Umphress has violated a Judicial Canon; no investigation has been threatened; ***no one can tell the Court today what factual record would exist if some citizen were one day to file a complaint; and no one should prejudge the outcome of that matter if a non-frivolous complaint one day were to be filed***."

(October 21, 2020 Reply in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 37, at 6; emphasis added.)

Indeed, Judge Umphress had emphasized his unhappiness that the Commission had not made any commitment as to what might one day happen in the future. He argued that the Commission has "refused to disclaim an intention to investigate or discipline Judge Umphress for the activities that he describes in his complaint. The defendants claim only that they have never threatened Judge Umphress with discipline." (October 7, 2020 Plaintiff's Brief in Opposition to the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 35, at 4.)

Several passages in the Court's Amended Order might inaccurately lead members of the public to believe that the Commission *has* prejudged issues concerning Judge Umphress. It has not; and it would not make any determinations about Judge Umphress' current or future conduct unless, and until, a proceeding against him were initiated. It continues to be accurate that no proceeding is currently planned or anticipated. But the Commission has not been called upon to make, nor has it made, any representations that no proceeding ever could occur in the future, nor has the Commission prejudged what the outcome of any future proceeding might be. That would depend upon the specifics of what a future complaint might allege and the specifics of what future factual record might be developed.

Defendants, on behalf of themselves in their official capacities and on behalf of their successors in office, respectfully ask the Court to make several editorial adjustments to its Amended Opinion in order to prevent any misconception by the public that the Commission has prejudged matters that have never been presented to it for determination.

Defendants believe that these requested modifications would not affect the Court's analysis that Judge Umphress has not sustained his burden to satisfy the *Clapper* standard for determining standing. This is because there is no evidence, and at most only speculation, as to whether there will, or will not, be any disciplinary proceeding against Judge Umphress at any point in the future. But even if the Court's analysis would change, Defendants nevertheless believe it more important that the factual record be accurately stated for the benefit of future readers of the Court's opinion.

**Appendix A** sets forth excerpts from the Court's Amended Order, which discuss the factual record. (As set forh in Appendix C, Defendants ask that several of these excerpts in Appendix A be modified to reflect the factual record more precisely.)

**Appendix B** sets forth verbatim portions of the record, for easy review by the Court. These portions include evidence, submissions and oral responses by counsel to the Court's questions.

4

**Appendix C** sets forth Defendants' requested modifications to a number of the excerpts from the Court's Amended Order, which have been set forth in Appendix A.

## Conclusion and Prayer

These modifications are not intended to hedge or dodge from the accuracy of the factual record that Defendants have presented to the Court. But words and nuances can have important meanings. Defendants would not want future readers of the Court's Amended Opinion to believe that the Commission has purported to make findings or determinations about Judge Umphress or his conduct without ever having engaged in any investigation. In particular, in the event – which is not currently anticipated and which may be unlikely and may never occur – that a citizen were to submit a complaint about Judge Umphress' existing or future conduct, the Commission would not wish the citizen to misperceive that his or her complaint had been prejudged without the benefit of hearing the allegations and investigating their accuracy and their  relevance to Judge Umphress' compliance with Judicial Cannons.

Defendants therefore respectfully pray that the Court make the modifications described in Appendix C, or substantially similar modifications as the Court may determine.

Respectfully submitted,

/s/ John J. McKetta III
John J. McKetta III
Texas Bar No. 13711500
Graves Dougherty Hearon & Moody, P.C.
401 Congress Ave., Suite 2700
Austin, TX  78701
(512) 480-5616 (telephone)
(512) 480-5816 (fax)
mmcketta@gdhm.com

/s/ Roland K. Johnson
Roland K. Johnson
Texas Bar No. 00000084
Harris Finley & Bogle, P.C.
777 Main St., Suite 1800
Fort Worth, TX  76102
(817) 870-8765 (telephone)
(817) 333-1199 (fax)
rolandjohnson@hfblaw.com

/s/ David Schleicher
David Schleicher
Texas Bar No. 17753780
Schleicher Law Firm, PLLC
1227 N. Valley Mills Dr., Suite 208
Waco, TX  76712
(254) 776-3939 (telephone)
(254) 776-4001 (fax)
david@gov.law

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that, prior to filing this Rule 60(a) Motion to Amend or Modify the Court's November 12, 2020 Amended Order, I conferred with Jonathan F. Mitchell, counsel for Plaintiff, at 11:45 am CT on December 4, 2020, and he stated that the motion is ***<u>not opposed</u>***.

*/s/ John J. McKetta III*
John J. McKetta III

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was served upon the following on this 4th day of December, 2020, both (i) by filing it with the Court's electronic filing system and (ii) by email:

> Jonathan F. Mitchell
> Mitchell Law PLLC
> 111 Congress Ave., Suite 400
> Austin, TX  78701
> jonathan@mitchell.law
>
> H. Dustin Fillmore III
> Charles W. Fillmore
> The Fillmore Law Firm, L.L.P.
> 201 Main Street, Suite 801
> Fort Worth, TX  76102
> dusty@fillmorefirm.com
> chad@fillmorefirm.com

David Spiller
Mason Spiller
Reid Spiller
Spiller & Spiller
P.O. Drawer 447
Jacksboro, TX  76458
david@spillerlaw.net
mason@spillerlaw.net
reid@spillerlaw.net

Jeremiah Dys
First Liberty Institute
2001 West Plano Pkwy, Suite 1600
Plano, TX  750765
jdys@firstliberty.org

*/s/ John J. McKetta III*
John J. McKetta III

# APPENDIX A

## APPENDIX A

## Excerpts from the Amended Order, discussing the factual record

The Court's Amended Order includes the following discussions, a few of which Defendants request to be modified (as discussed in Appendix C below).

### A.

"In a Joint Status Report filed by the parties in this case, the Commission asserted, inter alia, that Judge Umphress "is not, and has not been, the subject of any investigation or disciplinary proceeding. . . [and] that neither the Commission [on Judicial Conduct] nor any Texas court has—to date—expressed the view that Canon 4A(1) would be violated by a judge's choice of church for worship, nor (without more), a judge's choice to decline to perform same-sex marriages, nor a judge's choice to campaign on a platform that opposes same-sex marriage and *Obergefell*." Joint Status Report at 2–3; see also Habersham Declaration in Support of Defendants' Mt. to Dismiss or Transfer at ¶ 7, ECF No. 7-1." (Am. Order at 4-5.)

### B.

"The parties later appeared for a hearing at which the Commission's counsel unequivocally confirmed that based on Judge Umphress's pleaded activities: (1) he faced no disciplinary action from the Commission; (2) the Commission does not plan to take any disciplinary action against him; (3)

his choice to decline to perform same-sex marriages and to campaign on a platform that opposes same-sex marriage and *Obergefell* is not violative of the Commission's interpretation of Canon 4A(1); and (4) there is no allegation of facts that the Commission would take action against him. ECF No. 20." (Am. Order at 5.)

## C.

"… the Commission expressly stated that it has not and will not prosecute him for his allegedly chilled behavior …"  (Am. Order at 6.)

## D.

"However, the Commission asserts not only that there are no plans to investigate or discipline Judge Umphress but that they will neither investigate nor discipline him if he acts in the very way that he claims to be chilled against. Joint Report at 2–3; ECF No. 20; see also Habersham Declaration in Support of Defendants' Mt. to Dismiss or Transfer at ¶ 7, ECF No. 7-1."  (Am. Order at 9.)

## E.

"… the prosecuting entity expressly and exhaustively states that it has no plans to act against Judge Umphress for partaking in the allegedly chilled activity."  (Am. Order at 9-10.)

## F.

"… the Commission repeatedly and exhaustively asserted that it would not discipline him if he acts in precisely the manner he desires." (Am. Order at 10 n.6.)

## G.

"… the Commission has expressly disclaimed any intention of investigating or disciplining him for engaging in his desired activity …" (Am. Order at 11.)

## H.

"… the Commission repeatedly disclaimed any plans to investigate or discipline him if he continues to act in the manner he deems chilled."  (Am. Order at 12.)

## I.

"… the Commission repeatedly disclaimed any plans to investigate or discipline him if he chose to act in the manner he deems chilled."  (Am. Order at 12.)

## J.

"Finally, because the Commission repeatedly disclaimed any plans to investigate or discipline Judge Umphress, the future event that he fears

(being subject to investigation or discipline) 'may not occur as anticipated, or indeed may not occur at all.'"  (Am. Order at 12.)

# APPENDIX B

## APPENDIX B

## The facts as portrayed by Defendants' evidence, submissions, and responses by their counsel

### A.

Joint Status Report at 2–3, ECF No. 20:

> "Defendants claim that Judge Umphress is not, and has not been, the subject of any investigation or disciplinary proceeding . . . [and] that neither the Commission nor any Texas court has—to this date—expressed the view that Canon 4A(1) would be violated by a judge's choice of church for worship, nor (without more), a judge's choice to decline to perform same-sex marriages, nor a judge's choice to campaign on a platform that opposes same-sex marriage and *Obergefell*."

### B.

Habersham Declaration in Support of Defendants' Motion to Dismiss or Transfer at ¶ 7, ECF No. 7-1:

> "No investigation or disciplinary action concerning Judge Brian Keith Umphress has been threatened or commenced.  If there had been any communications by the Commission with Judge Umphress concerning any potential disciplinary matter, I would have known of it.  If there were to be any communication from the Commission with Judge Umphress in the future about any potential disciplinary matter, the communication would be

15

by myself or other Commission staff.   The Commission's Procedural Rule 18 forbids any *ex parte* contact between a Commissioner and any judge who is the subject of an investigation or proceeding.   If a disciplinary proceeding were to occur at some future date, all decisions by these Defendants (or any successor commissioners) would be made at meetings that are conducted under the normal statutory processes of the Commission."

## C.

Second Declaration of Jacqueline R. Habersham ¶¶ 5-9:

"5.   None of the three instances consisted of allegations that were limited to a judge's mere choice, standing alone, to conduct opposite-sex marriages but not to conduct same-sex marriages.   Each of the three instances included allegations of additional conduct that raised questions about the appearance to objective persons as to whether the judge displayed a lack of capacity to act impartially towards current or prospective litigants, or about the judge's failure to treat persons with whom the judge dealt in an official capacity with the requisite patience, dignity or courtesy.

"6.   I am aware of no instance where the Commission has investigated or adjudicated a judge's mere choice, standing alone, to conduct opposite-sex marriages but not to conduct same-sex marriages.

"7.    I am aware of no instance where the Commission has investigated or adjudicated a judge's choice to worship in a particular church or to embrace a particular faith.

"8.    I am aware of no instance where the Commission has investigated or adjudicated a judge's choice to campaign based upon his or her belief that a particular case was wrongly decided by the United States Supreme Court.

"9.    In a prior declaration, I stated that no investigation or disciplinary action concerning Judge Brian Keith Umphress has been threatened or commenced.  That continues to be accurate."

### D.

Responses by McKetta to the Court's questions on August 14, 2020,

Transcript at 29:

"[THE COURT:]  In the declaration of Jacqueline Habersham --

"MR. McKETTA: Yes.

"THE COURT: -- she makes the following sworn statement, "No investigation or disciplinary action concerning Judge Brian Keith Umphress has been threatened or commenced." As far as you know is that statement true and accurate?

"MR. McKETTA: It's true even as of today, that's correct.

"THE COURT: Similar statement was made in the joint status report. Judge – on behalf of defendant's pleading you signed, "Judge Umphress is not and has not been the subject of any investigation of disciplinary proceeding." I'm assuming that continues to be the case?

"MR. McKETTA: It is. Both of those are accurate.

"THE COURT: At this time you don't know of any investigation or disciplinary proceeding against the Judge?

"MR. McKETTA: Correct. Nobody --

"THE COURT: Let me – let me follow up.

"MR. McKETTA: Okay.

"THE COURT: Sorry.

"MR. McKETTA: Not at all.

"THE COURT: Nor do you – and as far as you know, do you anticipate one in the future?

"MR. McKETTA: No."

# APPENDIX C

## APPENDIX C

## Requested modifications

Defendants respectfully ask that the Court make the following (or substantially similar) modifications to the Amended Order.  Alphabetic references (A. through J.) refer to the excerpts from the Amended Order quoted in Appendix A above.  Proposed modifications are shown in highlighted language.

### A.

[No change]

### B.

"The parties later appeared for a hearing at which the Commission's counsel unequivocally confirmed that based on Judge Umphress's pleaded activities: (1) he faced no disciplinary action from the Commission; (2) the Commission does not ***CURRENTLY ANTICIPATE*** any disciplinary action against him; (3), his choice to decline to perform same-sex marriages and to campaign on a platform that opposes same-sex marriage and Obergefell is not violative of the Commission's ***EXISTING APPLICATIONS OR*** interpretation***S*** of Canon 4A(1); and (4) there is no allegation of facts that the Commission would take action against him. ECF No. 20." (Am. Order at 5.)

**C.**

"… the Commission expressly stated that it ***HAS NO CURRENT OR
ANTICIPATED FUTURE INTENT TO*** prosecute him for his allegedly
chilled behavior …"  (Am. Order at 6.)

**D.**

"However, the Commission asserts not only that there are no plans to
investigate or discipline Judge Umphress but that they ***HAVE NO
CURRENT OR ANTICIPATED FUTURE INTENT TO EITHER***
investigate ***OR*** discipline him if he acts in the very way that he claims to be
chilled against. Joint Report at 2–3; ECF No. 20; see also Habersham
Declaration in Support of Defendants' Mt. to Dismiss or Transfer at ¶ 7, ECF
No. 7-1."  (Am. Order at 9.)

**E.**

[No change]

**F.**

"… the Commission repeatedly and exhaustively asserted that it ***HAS
NO CURRENT OR ANTICIPATED FUTURE INTENT TO*** discipline him
if he acts in precisely the manner he desires."   (Am. Order at 10 n.6.)

21

**G.**

"… the Commission has expressly disclaimed any ***CURRENT OR ANTICIPATED FUTURE*** intention of investigating or disciplining him for engaging in his desired activity … " (Am. Order at 11.)

**H.**

"… the Commission repeatedly disclaimed any ***CURRENT OR ANTICIPATED FUTURE*** plans to investigate or discipline him if he continues to act in the manner he deems chilled."  (Am. Order at 12.)

**I.**

"… the Commission repeatedly disclaimed any ***CURRENT OR ANTICIPATED FUTURE*** plans to investigate or discipline him if he chose to act in the manner he deems chilled." (Am. Order at 12.)

**J.**

"Finally, because the Commission repeatedly disclaimed any ***CURRENT OR ANTICIPATED FUTURE*** plans to investigate or discipline Judge Umphress, the future event that he fears (being subject to investigation or discipline) 'may not occur as anticipated, or indeed may not occur at all.'"  (Am. Order at 12.)