IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRIAN KEITH UMPHRESS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00253-P |
| § | |
| DAVID C. HALL, et al., § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is Defendants' ("Commission") Unopposed Motion to Amend or Modify the Court's November 12, 2020 Amended Order ("Motion"). ECF No. 42. In it, the Commission expresses concern that certain portions of the Court's Amended Order might lead members of the public to believe that the Commission prejudged issues concerning Judge Umphress. Motion at 3. The Commission asks the Court "to make several editorial adjustments to its Amended Opinion in order to prevent any misconception by the public that the Commission has prejudged matters that have never been presented to it for determination." *Id*. at 4. The Motion concludes with the Commission's audacious request that "the Court make the modifications described in Appendix C, or substantially similar modifications as the Court may determine." *Id*. at 6.

The Court finds the Commission's concerns misplaced and unwarranted. The factual summary accurately reflects the Court's understanding and interpretation of the record before it. *See* Am. Order, ECF No. 40. To the Court, nothing in its Amended Order

would lead members of the public to "misperceive that his or her complaint had been prejudged without the benefit of hearing the allegations and investigating their accuracy and their relevance to Judge Umphress' compliance with Judicial Canons." Motion at 5. Indeed, the Court believes that anyone who comes across the Amended Order would find that it means what it says: that at the time Judge Umphress filed suit (1) he lacked standing, (2) his claims were unripe, and (3) that the Court would have invoked *Pullman* abstention in the alternative. *See generally*, Am. Order.[1]

The hearing that took place on August 14, 2020, in particular informed the Court as to the dispute's relevant facts. *See* Transcript, ECF No. 41. Certain exchanges were particularly germane, including the following:

> **THE COURT**: Let me, really quickly, ask you a couple of questions. In the declaration of Jacqueline Habersham --
>
> **MR. McKETTA**: Yes.
>
> **THE COURT**: -- she makes the following sworn statement, "No investigation or disciplinary action concerning Judge Brian Keith Umphress has been threatened or commenced." As far as you know that statement is true and accurate?
>
> **MR. McKETTA**: It's true even as of today, that's correct.
>
> **THE COURT**: Similar statement was made in the joint status report. Judge – on behalf of defendant's pleading you signed, "Judge Umphress is not and has not been the subject of any investigation of disciplinary proceeding." I'm assuming that continues to be the case?
>
> **MR. McKETTA**: It is. Both of those are accurate.

---

[1] Of course, should *Pullman* abstention no longer apply to Judge Umphress's situation, his claims ripen, and he gain standing, there is nothing preventing him from refiling his suit.

> **THE COURT**: At this time you don't know of any investigation or disciplinary proceeding against the Judge?
>
> **MR. McKETTA**: Correct.
>
> . . . .
>
> **THE COURT**: Nor do you -- and as far as you know, do you anticipate one in the future?
>
> **MR. McKETTA**: No.
>
> . . . .
>
> **MR. McKETTA**: . . . Will simply the refusal that Judge Umphress is describing be thought to be a violation of the Canon? At this point there is no Commission decision or Texas court decision that says what he has done and continues to do he's not chilled into stopping.

Transcript, 28–30. Indeed, statements made during oral argument may constitute binding judicial admissions that the Court rightfully relies upon. *See*, *e.g.*, *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 680 (7th Cir. 2002) (holding that counsel's verbal admission at oral argument as to the enforceability of an agreement was a binding judicial admission just like any other formal concession made during the course of proceedings); *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1170 n.3 (9th Cir. 2001) (holding that counsel's verbal admission at oral argument that the plaintiff failed to meet her burden of establishing diversity jurisdiction was a binding admission on the plaintiff); *Halifax Paving, Inc. v. U.S. Fire Ins. Co.*, 481 F. Supp. 2d 1331, 1336 (M.D. Fla. 2007) ("Statements made by an attorney during oral argument are binding judicial admissions and may form the basis for deciding summary judgment.").

3

One might analogize the *expressio unius* canon to this situation in that anything not expressly held in the Amended Order was purposefully excluded, as nowhere in the Amended Order did the Court state or imply that the Commission immunized Judge Umphress from complaint or investigation. *Accord N.L.R.B. v. SW Gen., Inc.*, 137 S. Ct. 929, 940 (2017) (discussing and giving several examples of the canon); ANTONIN SCALIA & BRYAN GARNER, READING LAW 107 (2012) (providing a comprehensive guide to the canon). To any extent that there may be a "misconception" in connection with the Amended Order, let this Order's existence serve to correct it.

Finally, the Court is deeply disturbed by the Motion. A mere diction dispute does not a Second Amended Order merit. The Court strains itself to imagine a similar situation in which a victorious party returned to the arena, declared its medal not quite to its liking, and demanded it be recast in a form more pleasing to its recipient. Put simply, the Commission is inappropriately asking this Court to redraft its order in a way more suitable to its liking. As the late Judge Eldon Mahon frequently observed in his thirty years on this bench, the Court's Order "it's what it is, let the chips fall where they may."

The Commission's Motion is **DENIED.**

**SO ORDERED** on this **7th day** of **December, 2020.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

4